UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOWARD JONES, et al.,

    Plaintiffs,

    v.

BRISTOL-MYERS SQUIBB CO., et al.,

    Defendants.
_____/

No. C 13-2415 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER**

Before the court is the motion of defendant Brystol-Myers Squibb Company ("BMS") to stay proceedings pending a transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 2418 in the District of New Jersey ("the Plavix® MDL" or "the MDL"). Having reviewed the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

**BACKGROUND**

On April 29, 2013, plaintiff Howard Jones, along with fifty-five others ("plaintiffs") filed this action in the Superior Court of California, County of San Francisco, against BMS, McKesson Corporation ("McKesson") and Doe defendants 1 through 100. Plaintiffs' claims arose from injuries sustained from their use of Plavix®, an FDA-approved prescription drug used to prevent heart attacks and strokes by inhibiting blood clotting.

Plaintiffs assert thirteen causes of action against BMS, the New York based manufacturer, and McKesson, a California distributor of the drug. These claims are based on strict products liability, negligence, breaches of express and implied warranty, negligent

misrepresentation, fraud by concealment, loss of consortium, wrongful death, and several California statutory violations.[1]

On May 29, 2013, BMS removed the action to this court on the basis of diversity jurisdiction, alleging that McKesson (a citizen of California) was fraudulently joined and that two New York plaintiffs were fraudulently misjoined in order to destroy complete diversity.

On February 12, 2013, the JPML established a multidistrict Plavix® litigation in the District of New Jersey, assigned to the Hon. Freda Wolfson. See In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II), MDL No. 2418, 2013 WL 565971 (J.P.M.L. 2013). Since then, the JPML has conditionally transferred twenty-six actions in this district to the Plavix® MDL, including the instant one. See Conditional Transfer Order No. 8, In re Plavix (No. II), MDL No. 2418 (J.P.M.L. 2013). Twenty-four[2] of those cases have been stayed and one is pending before the Hon. Saundra Brown Armstrong. See Douglas et al. v. Bristol-Myers Squibb Co., No. 13-2331 (N.D. Cal. 2013).

On June 5, 2013, plaintiffs filed a motion to remand the case to state court and BMS filed the present motion to stay.

**DISCUSSION**

A.  Legal Standard

Under 28 U.S.C. § 1407, the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). In relation, a conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L.R. 2.1(d). As such, a district court still has the

---

[1] Specifically, plaintiffs allege violation of the following California statutes: Cal. Civ. Code §§ 1709, 1710 (deceit and concealment); Cal. Bus. & Prof. Code §§ 17200 (unfair competition), 17500 (untrue or misleading advertising), and the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et. seq.

[2] One of these actions was stayed by agreement of the parties. See Norrise v. Kaiser Found. Hosps. & Health Plan, Inc. et al., No. 12-6456 (N.D. Cal. Feb. 15, 2013).

discretion to control its docket and stay proceedings. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). When a stay is requested because of pending proceedings that bear on the case, the court may grant a stay in a variety of circumstances in the interests of the efficiency of its own docket and fairness to the parties. Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir.1979).

When considering a motion to stay pending a JPML transfer, courts evaluate factors such as: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted).

In addition, deference to the MDL court for resolution of a motion to remand often provides "the opportunity for uniformity, consistency, and predictability that underlies the MDL system." Nielsen v. Merck & Co., 2007 WL 806510 at *1 (N.D. Cal. Mar. 15, 2007) (citing Conroy v. Fresh Del Monte Produce, Inc., 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004)).

B.   Defendant's Motion

   1.   Conserving Judicial Resources and Avoiding Duplicative Litigation

BMS contends that staying the proceedings will save judicial resources and promote judicial efficiency and uniformity. Plaintiffs oppose BMS's motion on two main grounds. First, they argue that the court should consider the merits of plaintiffs' motion to remand before entertaining a stay of the proceedings. Second, plaintiffs accuse BMS of being disingenuous in its appeal to judicial efficiency, alleging that BMS is the one who has burdened this court by improperly removing the action from state court, and that BMS's "procedural tactics" have already caused them prejudice and undue delay.

Preservation of judicial resources is a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court. See Rivers, 980 F.Supp. at 1360-61. A stay is appropriate when it would avoid the needless duplication of work and the possibility of inconsistent rulings. Freitas v. McKesson Corp., 2012 WL 161211 at *2

(N.D. Cal., Jan. 10, 2012) (citing Rivers, 980 F.Supp. at 1360–61).  In Rivers, the court explained that judicial efficiency can be served by granting a motion to stay where the court would otherwise have to engage in the "intricacies" of a case, which ultimately an MDL judge may have to duplicate.  980 F.Supp. at 1360-61.  Courts in this district, including this court, have granted motions to stay in order to preserve judicial resources, even where jurisdictional questions and motions to remand are at issue.  See Freitas, 2012 WL 161211; see also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994 (N.D. Cal., July 25, 2012).

Here, the court finds that staying the proceedings pending transfer to the Plavix® MDL would foster judicial economy.  The JPML has already conditionally transferred twenty-six of this district's Plavix® actions to the MDL, concluding that "[c]entralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel, and the judiciary."  In re Plavix (No. II), MDL No. 2418 at *3.  Likewise here, a stay would prevent duplicative pretrial practice in the likely event that the case is definitively transferred to the Plavix® MDL.

More importantly, other courts in this district have found that the same fraudulent joinder issue BMS raises here, "will likely be raised in every other action involving McKesson," and should be decided by the MDL.  Addison v. Bristol-Myers Squibb Co., 2013 WL 3187859 at *1 (N.D. Cal., June 21, 2013); see also Kinney v. Bristol-Meyers Squibb Co., No. 12-4477 at 2 (N.D. Cal. Apr. 12, 2013).  Thus, the court finds that granting BMS's motion to stay the proceedings would promote judicial economy and uniformity by avoiding the possibility of inconsistent rulings within the Northern District, conserving judicial resources and allowing the MDL to consistently address the issues before it.

Furthermore, plaintiffs have failed to argue that a stay of proceedings in this case would not conserve judicial resources.  Instead, they focus on BMS's alleged bad faith in removing the action from state court, causing the unnecessary expenditure of this court's resources.  Plaintiffs maintain that the motion to stay is no more than a distraction from what they claim is the primary issue at hand – improper removal.

However, the court finds these arguments unpersuasive. Merely presenting conclusory allegations about BMS's reasons for removing the case is not a persuasive argument for purposes of the instant motion. See Rivers, 980 F.Supp. at 1361. Moreover, what the court considers in its evaluation of this factor is how a case should proceed going forward, and not how the case was brought before the court. As such, plaintiffs fail to present any compelling reasons for the court to treat the instant case differently from the twenty-three similarly situated Plavix® cases already stayed by eleven judges in this district.

### 2. Potential Hardship to BMS

Another factor to consider when evaluating a motion to stay is the potential "hardship and inequity to the moving party if the action is not stayed." Rivers, 980 F.Supp. at 1360. Courts within the Northern District have recognized that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying . . . proceedings pending MDL transfer." Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540 at *2 (N.D. Cal., Dec. 14, 2011); see also Nielsen, 2007 WL 806510 at *2 ("absent a stay, [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums"). This risk of hardship has been specifically recognized in this district's Plavix® actions. See Arnold v. Bristol-Meyers Squibb Co., No. 12-6426 at *2 (N.D. Cal. Apr. 3, 2013); Arenberg v. Bristol-Meyers Co., No 12-6207 at *2-3 (N.D. Cal. Apr. 22, 2013).

Here, similarly to Arnold, Arenberg, and Blalock, the court finds that BMS will face significant hardship if its motion to stay the proceedings is not granted. If this court denies plaintiffs' motion, and the case is later transferred, the MDL court could revisit the issue, thus forcing BMS to relitigate it. Arnold, No. 12-6426 at *2. If, on the other hand, this court grants the remand motion and the MDL later decides that removal in similar cases was proper, BMS would be prejudiced by having to litigate the case in state court instead of before the MDL. Id. Should this court deny the motion to stay, BMS would be left with two unfavorable alternatives that expose it to a significant risk of duplicative litigation and prejudice.

5

### 3. Potential Prejudice to Plaintiffs

Plaintiffs claim that they will be prejudiced if this case is stayed pending transfer to the MDL. Alleging that BMS improperly removed the matter, plaintiffs further assert that the instant motion is part of BMS's "procedural tactics" to prolong the proceedings and prevent the court from considering their remand motion. Pls.' Opp'n at 5. Plaintiffs contend that staying the matter would be "egregious" because BMS has already caused a delay by filing an "entirely unfounded notice of removal" and an "equally meritless motion for a stay of the proceedings." Id.

The third factor to consider when evaluating a motion to stay pending a transfer to an MDL court is "potential prejudice to the non-moving party." Rivers, 980 F.Supp. at 1360. In other Plavix® cases raising fraudulent joinder issues, courts in this district have reasoned that a stay will not prejudice plaintiffs, as a remand motion can just as easily be presented to and decided by the transferee judge, especially when it turns on a question of federal law. See Kinney, No 12-4477 at *2; see also Arnold, No.12-6426 at *2.

Here, the court finds that plaintiffs will not suffer prejudice because, as in Kinney, the issues of fraudulent joinder and misjoinder implicate federal law, and can be easily and adequately addressed by the MDL court. Additionally, staying the case would not result in undue delay of the proceedings. The JPML has already conditionally transferred this matter to the Plavix® MDL and a stay is not likely to be long in duration.

Furthermore, plaintiffs fail to demonstrate to the court how a stay of the proceedings would prejudice them. Instead, they focus on the propriety of BMS's removal of the matter, and ask the court to "discipline" BMS by denying its allegedly ill-advised motion to stay. As a result, plaintiffs neglect to identify the potential prejudice they would suffer if BMS's motion is granted. Because the MDL court can adequately address plaintiffs' motion to remand, and because plaintiffs have failed to identify potential prejudice from a stay, the court finds that plaintiffs will not suffer prejudice if the motion to stay is granted.

### 4. Motion to Stay Versus Motion to Remand

Plaintiffs' main argument in opposition to BMS's motion to stay is that the court

must first preliminarily consider the merits of the remand motion before entertaining a stay of the proceedings.  See Meyers v. Bayer A.G., 143 F.Supp.2d 1044 (E.D. Wis. 2001).  In relation, plaintiffs argue that the Hon. Edward Chen's decision to remand a similar Plavix® case, see Caouette v. Bristol-Meyers Squibb Co., 2012 WL 3283858 (N.D. Cal. 2012), makes clear that the instant action was improperly removed, and therefore staying the proceedings would be an inappropriate exercise of jurisdiction.

When confronted with a motion to stay proceedings pending transfer to an MDL court, as well as a motion to remand, courts *may* engage in a three-step inquiry.  See Conroy, 325 F.Supp.2d at 1053 (N.D. Cal. 2004) (citing Meyers, 143 F.Supp.2d at 1048-49).  Courts first give "preliminary scrutiny to the merits of the motion to remand" and then proceed to evaluate jurisdictional issues.  Id.  If this evaluation suggests that "the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action."  Id.  Importantly however, the Ninth Circuit Court of Appeals "has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings." Addison v. Bristol-Meyers Squibb Co., 2013 WL 3187859 at *2 (N.D. Cal. June 21, 2013); see also Nielsen, 2007 WL 806510 at *2 ("this Court has previously observed that the Meyers approach has not been explicitly adopted by the Ninth Circuit").  As such, judges in the Northern District "have made clear that courts are *not* bound to preliminarily consider the merits of a remand motion before considering a motion to stay."  Freitas, 2012 WL 161211 at *2 (emphasis in original); see also Nielsen, 2007 WL 806510 at *2.

As mentioned above, this court is not bound to follow the Meyers approach because the Ninth Circuit has not expressly adopted it.  Additionally, the cases cited by plaintiffs are not binding on this court.  Most importantly, judges have stayed other Plavix® cases in this district, rejecting the same arguments plaintiffs present here.  See Addison, 2013 WL 3187859; see also Guinn v. Bristol-Meyers Squibb Co., 2013 WL 1964937 at *1 (N.D. Cal. May 10, 2013) (finding Conroy to be inapposite and that "the weight of authority in [the Northern] district favors a stay").  Thus, granting BMS's motion to stay is not only

7

within the discretion of this court, but it would also reduce the risk of inconsistent rulings within the Northern District.

Moreover, even if the court were to apply the Meyers approach here, a stay is still warranted. The court finds that the issues in this case are similar to other Plavix® actions in this district currently awaiting transfer to the MDL. Kinney, Addison, and Guinn all present similar jurisdictional issues as the one raised in this matter, namely the fraudulent joinder of McKesson. Additionally, Judge Chen acknowledged that the fraudulent joinder issue is "not a simple question." Kinney, Apr. 11, 2013, Tr. at 4:11. Moreover, plaintiffs exaggerate the significance of Judge Chen's decision to remand Caouette. As the Hon. William Alsup explained, there was no competing motion to stay in Cauoette, and even more importantly, Judge Chen has "since ordered a stay of proceedings in identical cases." Addison, 2013 WL 3187859 at *1. Because the court finds that the instant case raises jurisdictional issues that are both complex and similar to those in other MDL-bound cases, application of the Meyers approach also favors a stay.

## CONCLUSION

Based on the applicable legal standards, as well as the Northern District's strong preference for staying similar cases, the court hereby GRANTS defendant BMS's motion to stay the proceedings pending transfer to the Plavix® MDL.

**IT IS SO ORDERED.**

Dated: July 8, 2013

PHYLLIS J. HAMILTON
United States District Judge

8